UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

MBABJB INVESTMENTS, LLC and
SP VENTURES GROUP LLC d/b/a
TITUSVILLE BEEF O BRADY'S,
    Defendants.

## **COMPLAINT**

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, MBABJB INVESTMENTS, LLC and SP VENTURES GROUP LLC d/b/a TITUSVILLE BEEF O BRADY'S (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## **JURISDICTION & VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 2825 Garden Street Ste. #9, Titusville FL 32796 (hereinafter "Subject Premises").

**3.**   All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

**4.**   Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

**5.**   Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues throughout Florida including a son who is a minor league baseball athlete in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

**6.**   Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

**7.**   Defendant, MBABJB INVESTMENTS, LLC is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.**   Pursuant to the Brevard Property Appraiser's Office, Defendant, MBABJB INVESTMENTS, LLC, is the owner and/or operator/manager of the real property located on or 2825 Garden Street Ste. #9, Titusville FL 32796

(hereinafter the "Subject Premises").  This is the building where the Subject Premises is located.

**9.**    Defendant, and SP VENTURES GROUP LLC, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

**10.**    According to the Brevard Tax Collector's Office/Florida Department of Business and Professional Regulation, the and SP VENTURES GROUP LLC, was licensed to provide Permanent Food Service and Seating and occupies 2825 Garden Street Ste. #9, Titusville FL 32796 as a restaurant known as "TITUSVILLE BEEF O BRADY'S".

**11.**    The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

### FACTUAL ALLEGATIONS AND CLAIM

**12.**    Plaintiff recently visited the Subject Premises on or about January 9, 2023 to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

**13.**    While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 16.  As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and

services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14.    Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15.    In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16.    Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.    Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17.    A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Exterior Accessible Routes:**

    a. The restaurant does not provide at least one accessible route of travel from the public way and accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $5,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

    **b.** The curb ramp has side flares that exceed the maximum slope allowance making it difficult for the plaintiff to utilize. Violation: Where provided, curb ramp flares shall not be steeper than 1:10 complying with §406.1 and §406.3 of the 2010 ADA Standards. Recommendation: Modify ramp to provide side flares with less than 10% slope. Estimated Cost: $2,500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §406.1 and §406.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

**Accessible Parking**

    c. The parking stall and the adjacent access aisles' striping is dilapidated and in need of maintenance making it difficult for the plaintiff to identify the parking space as accessible. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to

define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part pursuant to Title 28 CFR §36.211. Recommendation: Restripe the accessible parking space and the adjacent access aisle in accordance with 502.3.3 and 503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2, §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

**Entrances:**

d.  The plaintiff had difficulty identifying the facility as accessible as there is no signage indicating accessibility posted at the main entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 of the 2010 ADA Standards. Recommendation: Provide 6-inch x 6-inch signage on the front entrance door with the International Symbol of Accessibility (ISA). Estimated Cost: $50. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.6 of the 2010 ADA Standards-Signs.

**Interior Accessible Routes:**

e.  The plaintiff had difficulty traversing the facility as the carpet is not securely attached to the floor as required. Violation: Carpet shall be securely attached to the surface of the floor in accordance with §302.2 of the 2010 ADA Standards. Recommendation: Remove the carpet or provide a carpet that is secured to the floor. Estimated Cost: $25.00. The removal of this barrier is readily achievable in §302.2 of the 2010 ADA Standards. Floor and Ground Surface, Carpet.

**Dining Area:**

f.  The dining area does not provide at least 5% of compliant dining surfaces making it difficult for the plaintiff to utilize. Violation:

Where dining surfaces are provided for the consumption of food or drink, at least 5% of the seating spaces and standing spaces at the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables as required by §226.1 and §902 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

g. The dining tables in the dining area do not provide compliant knee and toe clearance making it difficult for the plaintiff to utilize. Violation: Space under an element between the finish floor or ground and 9 inches above the finish floor shall extend 17 inches minimum and 25 inches maximum under an element required for compliant toe clearance pursuant to §306.2 and space under an element between 9 inches and 27 inches above the finish floor or ground and extending 25 inches maximum under an element at 9 inches above the finish floor or ground required knee clearance according to §306.3 and knee and toe clearance complying with 306 shall be provided complying with §902.2 of the 2010 ADA Standards. Recommendation: Provide at least 5% of dining tables with compliant knee and toe clearance as required by §306.2 and §306.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §306.2 and §306.3 of the 2010 ADA Standards. Knee Clearance and Toe Clearance, Dining Surfaces and Work Surfaces.

h. The bar and high-top dining surfaces do not provide at least 5% of compliant table seating at a lowered section of the bar or an alternate table making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5% of the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables and lower the section of the bar surface to a compliant height as required by §226.1 and §902.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily

achievable in §226.1 and §902.3 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

**Men's Public Restroom:**

i.  The plaintiff had difficulty exiting the men's restroom due to the 60 inches of maneuvering clearance measured perpendicular to the doorway being obstructed by the trash can. Violation: Maneuvering clearances at doors and gates shall comply with §404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance pursuant to §404.2.4 and §404.2.4.1 of the 2010 ADA Standards. Recommendation: Relocate the trash can to a compliant location. Estimated Cost: Less than $25. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §404.2.4 and §404.2.4.1 of the 2010 ADA Standards. Doors, Doorways, and Gates.

j.  The plaintiff had difficulty entering and exiting the toilet compartment stall because there are no door pulls on both sides of the stall door. Violation: A door pull complying with §404.2.7 shall be placed on both sides of the toilet compartment door near the latch as required in §604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handle door pulls on both sides of the stall door 34 inches minimum and 48 inches maximum above the finish floor. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8.1.2 of the 2010 ADA Standards. Toilet Compartments. Doors.

k.  The coat hook exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: The coat hook shall be located within one of the reach ranges complying with §308.2 and §308.3 as required in §604.8.3 of the 2010 ADA Standards. Recommendation: Install a new coat hook at the compliant height not to exceed the maximum requirement of 48 inches above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8.3 of the 2010 ADA Standards. Toilet Compartments.

l.  The lavatory's cabinet obstructs the required knee and toe clearance making it difficult for the plaintiff to utilize. Violation: A clear floor space complying with §305, positioned for a forward approach, and knee and toe clearance with §306 shall be provided as required in §606.2, §306.2, and §306.3 of the 2010 ADA Standards. Recommendation: Provide a lavatory with compliant clear floor space positioned for a forward approach with knee and toe clearance as required by §606.2, §306.2, and §306.3. Estimated Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.2, §306.2, and §306.3 of the 2010 ADA Standards. Lavatories and Sinks, Knee and Toe Clearance.

m.  The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor or ground in accordance with §603.3 of the 2010 ADA Standards. Recommendation: Relocate or install a new mirror at the compliant height, not to exceed 40 inches above the finish floor to the bottom edge of the reflecting surface as required by §603.3. Estimated Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilets and Bathing Rooms.

n.  The trash can and lavatory obstruct the water closet's 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to transfer onto the toilet. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards.  No other fixtures or obstructions shall be located within the required water closet clearance as required by §604.3.2 of the 2010 ADA Standards. Recommendation: Reconfigure and remodel the restroom to provide the required clear floor space around the water closet as required by 604.3.1. Estimated Cost: $5,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size. Overlap.

**18.**    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**19.**    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty 016expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**20.**    The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

<u>Garthright-Dietrich v. Atlanta Landmarks, Inc</u>., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

21.    Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on September 18, 2014, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

22.    Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

23.    Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of

similarly situated persons with disabilities and an advocate for asserting his own civil rights.  However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

     **24.**    Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

     **25.**    Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

     **26.**    Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

     **27.**    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical

barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**28.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**29.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
*Attorney for Plaintiff*

Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net