UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

MBABJB INVESTMENTS, LLC and
SP VENTURES GROUP LLC,
    Defendants.

Case No: 23-cv-00405-WWB-RMN

## PLAINTIFF'S VERIFIED MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT, MBABJB INVESTMENTS, LLC

Plaintiff, RUDOLPH BETANCOURT ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby moves this Court and seeks entry of Final Default Judgment and an award of attorney's fees, litigation expenses, and costs against Defendant, MBABJB INVESTMENTS, LLC ("Defendant"), only and as grounds thereof state:

### FACTS AND PROCEDURAL HISTORY

**1.** Plaintiff filed his Complaint [DE#1] against Defendant in the above captioned case for injunctive relief, attorney's fees, expenses and costs on March 8, 2023.

**2.** The within action was instituted by the service of the Complaint [DE#1] on Defendant, MBABJB INVESTMENTS, LLC, on March 13, 2023 and the time to for Defendant, MBABJB INVESTMENTS, LLC, to respond expired on April 3, 2023.

3. As of this date no Answer has been interposed on behalf of the Defendants.

4. Defendant, MBABJB INVESTMENTS, LLC, is a limited liability company that is engaged in business in the State of Florida by the leasing of commercial property located in Brevard County, Florida.

5. The Clerk issued a Default [DE#15] against Defendant, MBABJB INVESTMENTS, LLC.

6. To date, Defendant has failed to file an answer with the Clerk, has not served an answer upon the Plaintiff, and has made no entry of appearance in this matter. To this date, Defendant has undertaken no defense in this matter.

7. Plaintiff's Complaint seeks injunctive relief to correct the violations under Title III of the Americans with Disabilities Act ("ADA") by Defendant. The Complaint also sought an award of attorney's fees, costs and litigation expenses incurred in this action.

8. The subject property at issue owned by the Defendant, which is located at 2825 Garden St., #9, Titusville, FL 32796 (hereinafter "Subject Property"). The Subject Property is leased by the Defendant and operated as a restaurant, and accordingly, is a public accommodation as defined by and is subject to Title III of the ADA.

9. Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services,

facilities, and accommodations offered by the Defendant as a direct result of Defendant's violations of the Americans with Disabilities Act.

10. Plaintiff has visited the Subject Property and intends to return within 60 days after the barriers to access have been removed.

11. Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendant's failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

12. Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

13. The specific nature of the injunction sought by Plaintiff is outlined below.

## MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT FOR INJUCTIVE RELIEF

Plaintiff has filed this motion for default final judgment timely pursuant to Local Rule 1.10(c).

Fed. R. Civ. P. 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to

the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

Title III of the A.D.A. states that "*[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.*" 42 U.S.C. § 12182(a). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods, services, and privileges." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002).

There is sufficient basis in the Plaintiff's Complaint [DE#1] to enter default judgment in Plaintiff's favor.

Plaintiff alleges that he attempted to, and has to the extent possible, accessed the Subject Premises but because of his disabilities and physical barriers to access discovered that dangerous conditions and ADA violations exist that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages, and/or accommodations offered

therein. Plaintiff's well-pled allegations are sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011). "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)).

Here, Plaintiff requests injunctive relief only. Specifically, in the instant Motion, Plaintiff requests that the Court Orders Defendant to take all necessary steps to bring the Subject Property into full compliance with the requirements set forth in the ADA, and its implementing regulations, by no later than November 15, 2023, so that the property is fully accessible to disabled persons.

On a motion under Fed. R. Civ. P. 55(b)(2), the Court accepts as try all allegations on the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*).

Plaintiff has alleged all facts necessary to establish standing to bring this action and to support his claim for the relief requested in the Complaint [DE#1].

Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the Defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendants.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue in this District was not disputed, nor could it be as the subject property is located in and the cause of action arose in Brevard County, Florida.

## INJUNCTIVE RELIEF SOUGHT

Plaintiff initiated this action for violation of the Americans Disability Act, 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq. Since the Defendants have violated the Americans Disability Act (hereinafter "ADA"), the Plaintiff respectfully requests that the Final Default Judgment require that the Defendants remove architectural barriers as follows:

### Exterior Accessible Routes:

a. The restaurant does not provide at least one accessible route of travel from the public way and accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $5,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

    **b.** The curb ramp has side flares that exceed the maximum slope allowance making it difficult for the plaintiff to utilize. Violation: Where provided, curb ramp flares shall not be steeper than 1:10 complying with §406.1 and §406.3 of the 2010 ADA Standards. Recommendation: Modify ramp to provide side flares with less than 10% slope. Estimated Cost: $2,500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §406.1 and §406.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

### Accessible Parking

    c. The parking stall and the adjacent access aisles' striping is dilapidated and in need of maintenance making it difficult for the plaintiff to identify the parking space as accessible. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part pursuant to Title 28 CFR §36.211. Recommendation: Restripe the accessible parking space and the adjacent access aisle in accordance with 502.3.3 and 503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2, §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

### Entrances:

    d. The plaintiff had difficulty identifying the facility as accessible as there is no signage indicating accessibility posted at the main entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 of the 2010 ADA Standards. Recommendation: Provide 6-inch x 6-inch signage on the front entrance door with the International Symbol of Accessibility (ISA). Estimated Cost: $50. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.6 of the 2010 ADA Standards-Signs.

## PLAINTIFF'S REQUEST FOR COURT TO RESERVE JURISDICTION TO AWARD FOR FEES AND COSTS AND SUPPORTING MEMORANDUM OF LAW

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action.

Attorney's fees, expert fees, litigation expenses and costs are recoverable by Plaintiff under the ADA. 42 U.S.C. §12205. To recover attorney's fees under 42 U.S.C. §12205 a plaintiff must be a prevailing party. A prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Harty v. Ross Dress for Less, Inc.*, No.6:11–cv–35131–GJK, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012) *citing Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001). In order to be a "prevailing party" under *Buckhannon*, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2004); *American Disability Association, Inc. v. Chimielarz*, 289 F.3d 1315 (11th Cir.2002); *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003); *Barrios v. Cal. Interscholastic Fedn.*, 277 F.3d 1128 (9th Cir.2002). In the instant action, Plaintiff is the prevailing party as a Default was entered against the Defendant for failure to plead or defend.

Plaintiff anticipates that additional costs and fees will be incurred and necessary to enforce the request Final Default Judgment for Injunctive Relief. Plaintiff requests that the Court reserve jurisdiction to enter an award of fees and

costs in favor of Plaintiff following either confirmation of Defendant's compliance with any injunctive relief granted by the Court or enforcement of the requested Final Default Judgment for Injunctive Relief.

## **CONCLUSION**

WHEREFORE, Plaintiff's respectfully moves this Court to enter final judgment after default against Defendant, ordering Defendant to make all the necessary alterations so the subject premises is accessible to individuals with disabilities, in compliance with the ADA, ordering the subject facility closed until all necessary alterations are complete and retaining jurisdiction over this cause to assure Defendants, compliance with the Court's Judgment and the Americans with Disabilities Act.

The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C., Sections 12205 and 12207.

Plaintiff respectfully requests that the Court enter an order determining Plaintiff's entitlement to recovery of the costs and reasonable attorney's fees incurred in the prosecution of this action, and reserving jurisdiction to determine the amount of fees and costs after Plaintiff has either confirmed compliance with or taken any necessary action to enforce compliance with the Default Final Judgment for Injunctive Relief sought in this motion.

WHEREFORE, Plaintiff requests that the Court enter a Default Judgment in this matter, and that the Judgment be entered in favor of Plaintiff, and against the Defendant, in the manner stated herein.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(561) 800-0405
WassenbergL@gmail.com

## **VERIFICATION**

Glenn R. Goldstein, Esq., as Counsel for Plaintiff, hereby declares under penalty of perjury, that the foregoing is true and accurate to the best of his knowledge and belief; that the injunctive relief requested is appropriate and proper, and further, that the attorney's fees and, costs, and expenses sought to be taxed have been made in this action or will necessarily be made and included in this action.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*

## **Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), undersigned certifies that the counsel for Plaintiff has attempted to obtain contact information of Defendant, MBABJB INVESTMENTS, LLC,—but does not have that information presently, a copy of the instant motion and the accompanying Non-Military Affidavit will be mailed to the Registered Agent for Defendant, MBABJB INVESTMENTS, LLC, with tracking, as indicated in the below certificate of service.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF with a copy to all parties and email designated for service of documents in this action, and mailed a copy of the same to Defendants by Certified U.S. Mail, to: MBABJB Investments, LLC, c/o M. Adam Bankier, 101 SE 6th Ave., Ste. C, Delray Beach, FL 33483 (Tracking No. *7020 1290 0001 6124 5419*).

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*